## POINDEXTER v. FIRST STATE BANK OF RICHLAND. (No. 1931.)

(Court of Civil Appeals of Texas. Texarkana. March 13, 1918. On Appellee's Motion for Rehearing, April 11, 1918.)

1. VENUE ⊜⇒7 — SPECIAL PRIVILEGE TO BE SUED IN COUNTY OF RESIDENCE—SUIT ON NOTE.

The overruling of defendant's plea of privilege to be sued in the county of his residence is error, unless he had contracted in writing to make payment of the note sued on in the county where the suit was brought.

2. VENUE ⊜⇒7 — GUARANTY AGREEMENT — NOTES.

Under the rule that guarantor in writing of the payment of note according to its tenor and legal effect may be sued in county where note is payable, guaranty of debt evidenced by a note is not within the rule, and guarantor's plea of privilege in action on the note to be sued in county of residence should have been granted.

3. VENUE ⊜⇒32(2)—PLEA OF SPECIAL PRIVILEGE—CONTINUANCE AS WAIVER.

Where the record shows that, while a cause was continued for several terms, this was done each time by agreement and without prejudice to defendant's plea of special privilege to be sued in the county of his residence, such continuances do not constitute a waiver of the plea.

Appeal from Navarro County Court; R. R. Owens, Judge.

Suit by the First State Bank of Richland, Tex., against T. B. Poindexter and another. The defendant Poindexter filed a plea of special privilege, which was denied, and upon trial judgment was rendered for plaintiff, and the defendant Poindexter appeals. Judgment reversed and cause remanded as to the defendant Poindexter, and affirmed as to the other defendant.

The suit was commenced in the county court of Navarro county. It was by appellee against appellant and one Walthall. The latter was sued as the maker of two past-due promissory notes, aggregating $279, payable to appellee in said Navarro county. The recovery sought against appellant was on the theory that he had guaranteed the payment of the notes. At the time the suit was commenced appellant and Walthall both resided in Freestone county, and never thereafterwards resided in Navarro county. By a plea sufficient in form and duly filed appellant as-

serted a privilege he claimed to be sued in Freestone county. The court overruled the plea. The judgment was in appellee's favor against both appellant and Walthall, but the former alone appeals. As the reversal of the judgment is because of the error of the trial court in overruling the plea of privilege, a statement with reference to other features of the case is unnecessary.

Callicutt & Johnson, of Corsicana, and W. J. Bryant, of Wortham, for appellant. Richard Mays, of Corsicana, for appellee.

WILLSON, C. J. (after stating the facts as above). [1, 2] The trial court should have sustained the plea of privilege, and should have transferred the cause to Freestone county, where appellant resided, for trial. Why that court did not pursue that course does not appear from the record. It is assumed, mainly because of the absence of anything in the record showing the existence of a better reason, that it was because the court was of the opinion it appeared that appellant had contracted in writing to guarantee the payment of the notes sued upon according to their tenor and legal effect. Had it so appeared, it would not have been error to overrule the plea, for the notes were payable in Navarro county. McCauley v. Cross, 111 S. W. 790. But we think it not only did not appear that appellant guaranteed the payment of the notes according to their terms, but that it affirmatively appeared to the contrary. One of the notes sued on was dated January 3, 1913. It was for $100, payable October 15, 1913. The other note was dated June 6, 1913. It was for $179, and 10 per cent. interest after its maturity. The undertaking of appellant was evidenced by three letters written by him to one Cox, appellee's cashier. The first of these was dated January 4, 1912. In it appellant agreed to "become surety for and guarantee the payment" of indebtedness to the amount of $200 incurred by Walthall to appellee during the year 1912. The second of the three letters was dated January 1, 1913. In it appellant, after acknowledging the receipt from Cox of a letter advising him that Walthall was indebted to appellee in the sum of $150, said:

"It will be all right to extend to him [Walthall] the same accommodation the ensuing year up to the amount of $200, and I will guarantee the payment of his account up to that amount."

The other one of the three letters was dated May 10, 1913, and was as follows:

"This is to inform you that I hereby guarantee the payment of a note executed by Mr. Roy Walthall of this date, not to exceed the sum of $175, with interest from this date at the rate of ten per cent., payable to the First State Bank or order of Richland, Texas."

In neither of the first two of the letters did appellant say anything about a note, and the note mentioned in the other one of the letters was not one of the notes appellee sued upon.

[3] A contention made by appellee is that appellant was in the attitude of having waived the plea, because it appeared that the cause was continued at the term of the court to which it was brought (to wit, the April term, 1914), and did not appear that during that term appellant called the attention of the court to the plea and then sought a trial thereof. The contention must be overruled; for it appears from a bill of exceptions approved by the court:

"That, while this cause was continued for several terms, the defendant Poindexter did not waive his plea of privilege, but that this cause was continued at each term of the court by agreement, without prejudice to his plea of privilege."

So far as it is in appellee's favor against Walthall, the judgment of the lower court will not be disturbed. But, so far as it is in appellee's favor against appellant, it will be reversed, and the cause will be remanded to the county court of Navarro county, with instructions to transfer it to the proper court in Freestone county as provided by the statutes (articles 1832, 1833, Vernon's Statutes).

On Appellee's Motion for Rehearing.

In disposing of the appeal this court did not determine, as appellee seems to think it did, that appellant was not liable to it for the debt evidenced by the note for $179. What this court did determine, and all it determined, was that it did not appear from the record that appellant had contracted in writing to pay in Navarro county Walthall's indebtedness to appellee if Walthall himself did not pay same; and hence that it did not appear that appellee was entitled to maintain its suit against appellant in that county, notwithstanding appellant resided in Freestone county. Further consideration of the record in connection with the motion has not convinced us that the conclusion reached was erroneous, but, on the contrary, has rather strengthened confidence felt in its correctness.

The motion is overruled.